**FILED**

JUN - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEBORAH MILLER                      )
3109 28th Street, SE                )
Washington, DC 20020                )
                    Plaintiff,      )
                                    )    Case: 1:07-cv-01001
                v.                  )    Assigned To : Collyer, Rosemary M.
                                    )    Assign. Date : 6/1/2007
U.S. POSTAL SERVICE                 )    Description: Employment Discrimination
        FEDERAL CREDIT UNION,       )
7905 Malcolm Road                   )
Clinton, MD 20735                   )
                    Defendant.      )
_____)

### NOTICE OF REMOVAL

Defendant U.S. Postal Service Federal Credit Union, by counsel, hereby removes the

above matter to the United States District Court for the District of Columbia, in support of

which, the Defendant states as follows:

1.      This action was filed in the Superior Court of the District of Columbia on April

28, 2007. Defendant was not served with a copy of the Complaint. Plaintiff filed an Amended

Complaint on May 3, 2007. The Defendant was served with a copy of the Amended Complaint

on May 14, 2007. This Notice of Removal is filed on June 1, 2007, and is therefore timely filed

within the 30-day period for removal under 28 U.S.C. § 1446(b).

2.      Plaintiff's complaint raises discrimination claims under 42 U.S.C. § 2000e et seq.

3.      The Credit Union removes this case by right under 28 U.S.C. § 1441(b).

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed

in the Superior Court of the District of Columbia are attached hereto as **Exhibit A**.

5.      After filing this Notice of Removal, Defendant Credit Union shall this day file a

copy with the Clerk of the Superior Court for the District of Columbia a Notice of Filing of

Removal and give prompt written notice thereof by service to all other parties. See 28 U.S.C. § 1446(d).

WHEREFORE, Defendant U.S. Postal Service Federal Credit Union, in accord with the requirements set forth in 28 U.S.C. § 1446, removes this action to the United States District Court for the District of Columbia.

Respectfully submitted,

Dated: June 1, 2007

Amy S. Owen (Bar No. 411601)
Kimberly L. Cole (Bar No. 495147)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)

Counsel for U.S. Postal Service
Federal Credit Union

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first-class mail, postage pre-paid, this 1st day of June, 2007, upon:

Deborah Miller
3109 28th Street, S.E.
Washington, DC 20020

Kimberly L. Cole

Date: 05/30/2007  15:15:06

CRTR5925

Case 1:07-cv-01001-RMC    Document 1-2    Filed 06/01/2007    Page 1 of 29

Docket Sheet

Summary

Page: 1

| Case Number | Status | | Judge |
|---|---|---|---|
| 2007 CA 002981 B | Open | | BECK, RONNA L |

| In The Matter Of | Action |
|---|---|
| MILLER, DEBORAH  Vs. U S POSTAL SERVICE FEDERAL CREDIT UNION | Complaint for Harassment Filed |

| Party | | Attorneys |
|---|---|---|
| MILLER, DEBORAH | PLNTF | PRO SE |
| U S POSTAL SERVICE FEDERAL CREDIT UNION | DFNDT | |

| Opened | Disposed | Case Type |
|---|---|---|
| 04/28/2007 | Undisposed | Civil II |

Comments:

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 05/25/07 | Amended Affidavit of Service of Summons & Complaint by mail on U S POSTAL SERVICE FEDERAL CREDIT UNION (Defendant) on 5-14-07 | 0.00 | 0.00 |
| 2 | 05/21/07 | Proof of Service<br>Method    : Service Issued<br>Issued    : 05/01/2007<br>Service   : Summons Issued<br>Served    : 05/14/2007<br>Return    : 05/21/2007<br>On        : U S POSTAL SERVICE FEDERAL CREDIT UNION<br>Signed By : Genny Pomatto<br><br>Reason    : Proof of Service<br>Comment   :<br><br>Tracking #: 5000031122 | 0.00 | 0.00 |
| 3 | 05/18/07 | Affidavit of Service of Summons & Complaint by mail on U S POSTAL SERVICE FEDERAL CREDIT UNION (Defendant); | 0.00 | 0.00 |
| 4 | 05/03/07 | Amended Complaint Filed Attorney: PRO SE (999999) DEBORAH MILLER (PLAINTIFF); | 0.00 | 0.00 |

CRTR5925                                    Summary

2007 CA 002981 B    MILLER, DEBORAH  Vs. U S POSTAL SERVICE FEDERAL CREDIT UNION

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------|----------------------------------|-------------|
| 5 | 05/01/07 | Issue Date:  05/01/2007<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $ | 0.00 | 0.00 |
| | | U S POSTAL SERVICE FEDERAL CREDIT UNION<br>475 L'enfant Plaza SW<br>Ste 1507<br>WASHINGTON, DC   20260<br>Tracking No: 5000031122 | | |
| 6 | 04/28/07 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 08/03/2007    Time: 9:30 am<br>Judge: BECK, RONNA L    Location:<br>Courtroom 518 | 0.00 | 0.00 |
| 7 | 04/28/07 | Complaint for Harassment Filed<br>Attorney: PRO SE (999999)  Receipt: 71035<br>Date: 04/28/2007 | 120.00 | 0.00 |

|  | Totals By:  Cost<br>Information | 120.00<br>0.00 | 0.00<br>0.00 |

*** End of Report ***

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Deborah Miller
3104 28th St. S.E.
Washington, D.C. 20020

*Plaintiff*

*vs.*

U.S. Postal Service Federal Credit Union
475 L'Enfant Plaza W, S.W., Suite 1507
Washington, D.C. 20260

CIVIL ACTION NO. _____

FILED
CIVIL ACTIONS BRANCH
APR 2 8 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

C09

*Defendants*

### COMPLAINT

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

    *See Attached Documents*

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** 150,000.00 **with interest and costs.**

Phone: (202) 889-2471

**DISTRICT OF COLUMBIA, SS**

_Deborah Miller_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

_Deborah Miller_
(Plaintiff)                                         Agent)

**Subscribed and sworn to before me this** 28th **day of** April **20** 07.

Herbert C. Robinson
Notary Public District of Columbia
My Commission Expires
November 30, 2009

_Herbert C. Robinson_
(Notary Public/Deputy Clerk)

Case: 2007 CA 002981 B
DET: CABLRF

## VERIFIED COMPLAINT
### (National Origin Discrimination and Retaliation)

### A.  JURISDICTION AND VENUE

1.   The court has jurisdiction over this action under District of Columbia Code 2001, 22-921; the District of Columbia Human Rights Act, District of Columbia Code 2001, 2-1403.16; and Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. 2000e-5(f).

2.   Venue properly lies within this Court because Defendant's Credit Union is located within the District of Columbia and because the actions about which plaintiff complains occurred within the District of Columbia.

3.   The Court has jurisdiction over Defendant pursuant to D.C. Code 2001, 13-422 and 13-423(a), because it conducts business in Washington, D.C.

### B.  THE PARTIES

4.   Plaintiff Deborah Miller is a former employee of Defendant and is a resident of the District of Columbia.

5.   Defendant  USPSFCU is registered to conduct business as United States Postal Service Federal Credit Union in the District of Columbia, Defendant operates credit unions throughout the United States, including one in the District of Columbia.  Its Headquarters is located at 7905 Malcolm Road, Clinton, MD 20850.

### C.  THE FACTS SUPPORTING PLAINTIFF'S CLAIMS

6.   Defendant operates USPSFCU, located at 475 L'Enfant Plaza W., S.W. Washington, D.C.

7.   Plaintiff is a Black woman who was born in Washington, D.C.

8.   Plaintiff was a Personal Service Representative I since 1997.

9.   In or about June, 1991, Deborah Miller was hired Plaintiff as an transaction specialist.

10.   Plaintiff was dependable, hardly ever used sick leave, until Plaintiff was involved in a automobile accident and when Plaintiff fracture her right ankle.

2.

11. Plaintiff received several evaluations while she worked for the USPSFCU in 1991-2005. On the Plaintiff's evaluation Paul Collinson (Caucasian), branch manager, expressed my professionalism, work improved, plaintiff passed all CUE On Line training classes. Defendant did mention spending to much time with members when Plaintiff would assist them and arriving to work on time.

12. In 2005 USPSFCU promoted Terrell Reese (younger African American) she became assistant manager.

13. On information and belief, as Paul Collinson hired only individuals in their twenties or early thirties.

14. The staff at USPSFCU under Paul Collinson 's supervision was seven; (3 or 4) tellers and (3) personal service representatives.

15. Of these seven employees, (1) was Caucasian, (1) Hispanic and (5) African Americans.

16. Paul Collinson disciplined Plaintiff more harshly than other employees. Terrell Reese (younger African-American) used profanity and abusive language on numerous occasions while speaking with and about the USPSFCU members. Which Paul Collinson did not discipline Terrell Reese, the USPSFCU handbook states abusive language are grounds for immediate termination, which she was not terminated.

17. Plaintiff on many occasions discussed being promoted to a Personal Service Representative II. Defendant never mention Plaintiff's work was not acceptable and didn't follow policies and procedures performing her duties. Plaintiff received several letters from members expressing how they were pleased with Plaintiff's service.

18. Defendant discussed my EEOC complaint with Terrell Reese, which was suppose to be confidential information. Terrell Reese told the other coworkers Janice Williams and Lauren Hawkins not to get involved with Plaintiff filing a EEOC complaint.

19. Plaintiff never discussed EEOC complaint with other coworkers. Defendant and Terrell Reese became close friends.

20. Lyndee Dutrow (caucasian), took smoke breaks when ever she felt, which was about six times or more a day, and socialized with other smokers in front of the USPSFCU building. Paul Collinson never disciplined her about the numerous smoke breaks.

3.

21. Defendant was aware of the times Lyndee Dutrow (caucasian) , spent on smoke breaks; which caused lack of work performance, including not being available to assist the members or coworkers. Lyndee Dutrow had close contact with a couple of the board members. Lyndee Dutrow 's cash draw was short about $1,000.00 or more, which are immediate grounds for termination.

22. Terrell Reese was interviewed by the Defendants attorney at the Rosslyn, Va branch, when she returned to the L'Enfant Plaza Branch office the board member name Mr. Strunk approached her and shook her hand.

23. Defendant transferred Lyndee Dutrow to another branch in Maryland after Plaintiff filed a EEOC complaint, so they would not have to monitor her behavior or excessive smoke breaks.

24. Plaintiff reported to work on January 12, 2005, was terminated by Defendant, was told due to tardiness, the Defendant should have terminated other younger and caucasian employee because they arrived late on numerous occasions.

25. Plaintiff tardiness occurred during metro train delays, traffic back ups or the weather. The USPSFCU follows the Postal Service for snow emergencies, which is the same as federal government. Paul Collinson told Plaintiff she had to arrive on time regardless of the late arrival time given for snow emergencies.

26. The work hours for the USPSFCU was 8:30am to 5:00pm, majority of the time the tellers would leave ten or fifthteen minutes early and nothing was said about it by Paul Collinson.

27. Lyndee Dutrow arrived an hour or more late, when Paul Collinson was on vacation she arrived so late we could not open the branch because she knew the combination to the vault. She was not written up for the tardiness.

28. Plaintiff has suffered emotional distress as a result of the above described national origin discrimination and retaliation. Thus, she has suffered from sleepless nights and depression.

29. After the Plaintiff was terminated Terrell Reese told Janice Williams they finally got ride of the Plaintiff for filing the EEOC complaint.

### D. STATEMENT OF PLAINTIFF'S CLAIMS

#### Count 1:  Race and age Discrimination

30. Plaintiff adopts and incorporates by reference paragraphs 1-29 above.

31. The District of Columbia Human Rights Act ("DCHRA") prohibits discrimination in employment "for any reason other than that of individual merit," including without limitation "race, age, national origin and sex ..."

32. In discharging plaintiff, defendant discriminated against her wholly or partially because of her race and age.

33. By discriminating against plaintiff, defendant violated the DCHRA

34. As a result of defendant's discrimination against her, plaintiff has suffered; and suffering, including loss of present and future earnings, and mental distress, embarrassment, humiliation, and indignity.

#### Count II:  Retaliation for Opposing Discrimination
#### (DCHRA)

35. Plaintiff adopts and incorporates by reference paragraphs 1-34 above.

36. The DCHRA makes it an " unlawful discriminatory practice to coerce, threaten, retaliated against, or interfere with any person in the exercise or enjoyment of, or an account of having exercised or enjoyed,  or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter.

37. In opposing alleged discrimination by defendant against race and age, as described above , plaintiff engaged in activities protected by DCHRA.

38. In discharging plaintiff, defendant was motivated wholly or partially by plaintiff's protected activities under the DCHRA, in opposing employment discrimination by defendant.

39. As a result of defendant's retaliation against her, plaintiff has suffered and suffering including loss of present and future earnings and mental distress embarrassment,  humiliation and indignity.

5.

## Count III:  Race and Age Discrimination
### (Title VII)

40.  Plaintiff adopts and incorporates by reference paragraphs 1-39 above.

41. Title VII makes it unlawful for an employer to discriminate in employment on the basis of race and age.

42.  In discharging plaintiff, defendant discriminated against her because of her race and age.

43.  By discriminatorily discharging plaintiff, defendant violated Title VII.

44. As a result of defendant's discrimination against her, plaintiff has suffered and is suffering, including loss of present and future earnings, and mental distress embarrassment, humiliation, and indignity.

## Count IV:  Retaliation for Opposing Discrimination
### (Title VII)

45.  Plaintiff adopts and incorporates by reference paragraphs 1-44 above.

46. Title VII, prohibits employers covered thereby from taking reprisal against an employee for complaining about practices which the employee reasonably and in good faith believes are discriminatory.

47. In opposing alleged discrimination by defendant against race and age, as described above, plaintiff engaged in activities protected by Title VII.

48. Defendant knew of these activities when plaintiff engaged in them.

49. In discharging plaintiff, defendant was motivated by her protected activities in opposing discrimination in employment.

50. Defendant therefore violated Title VII.

51. As a result of defendant's retaliation against her, plaintiff has suffered and is suffering , including loss of present and future earnings and mental distress, embarrassment, humiliation, and indignity.

6.

E. REMEDIES

52.   WHEREFORE, plaintiff respectfully requests that the Court issue a judgment granting her the following relief from defendant:

a  Backpay under the DCHRA and/or Title VII for discharging her'

b  Compensatory damages under the DCHRA for maliciously and wrongfully discriminating against plaintiff in discharging her;

c  Compensatory damages and punitive damages up to the amount of $150,000 under Title VII for maliciously and wrongfully discriminating against plaintiff in constructively discharging her.

d  Punitive damages under the DCHRA for taking these actions with malice and bad faith;

e  Reasonable attorneys fees and costs under the DCHRA

f  Such other and further relief as to the Court seems just and warranted.

F EXHAUSTION OF ADMINISTRATIVE REMEDIES

53.  Plaintiff has the right under the District of Columbia Human Rights Act to bring this private cause of action for alleged violations of said Act, without the necessity of exhausting any particular administrative remedies which may also have been available to her.

54.  Plaintiff filed an administrative complaint against defendant with the Equal Employment Opportunity Commission (EEOC), alleging race and age discrimination and reprisal.

55... That complaint, which was docketed as Charge No.10CA600050, made essentially the same aggregations as are in the instant Complaint.

55.  That Complaint timely complained of discriminatory and retaliatory conduct.

56.  On or about January 30, 2006, EEOC dismissed plaintiff's EEOC chare and notified her of her right to sue defendant in court within 90 days of her receipt of said notice.

57.  On about February 3, 2006, plaintiff received the EEOC notice dated January 30, 2006

58.  The instant complaint is filed within 90 days of plaintiff's receipt of the EEOC notice and within one year of the alleged discrimination and relation and Is therefore timely.

## F. JURY TRIAL DEMAND

59. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

8.

## VERIFICATION

I hereby certify under penalty of perjury that I am the plaintiff in the above-captioned case; that I have read the foregoing Verified Complaint; and that the facts related herein are true and correct to the best of my knowledge, information, and belief.

Executed at Washington, D.C. this *28* day of April, 2006

Deborah Miller

*Deborah Miller*

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION

500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Deborah Miller
3104 28th St. S.E.
Washington, D.C. 20020  *Plaintiff*

vs.

U.S. Postal Service Federal Credit Union
475 L'Enfant Plaza W. S.W.
Washington, D.C.  *Defendant*

Civil Action No. _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Deborah Miller
Name of Plaintiff's Attorney

3104 28th St. S.E.
Address  Washington, D.C. 20020

(202) 889-2471
Telephone

By _____
Deputy Clerk

Date  4/28/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(4)-456/May 03

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

Deborah Miller
3104 28th St. S.E.
Washington, D.C. 20020

USPS Federal Credit Union
475 L'Enfant Plaza W., S.W., Suite 1507
Washington, DC 20026

Case Number: _____

Date: _____

| Name: (please print)    PRO SE | Relationship to Lawsuit |
|---|---|
| Firm Name:    202-889-2471 | ☐ Attorney for Plaintiff |
| Telephone No.:            Unified Bar No.: | ☒ Self (Pro Se) |
| | Other: _____ |

**TYPE OF CASE:**   ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ _____     Other: _____

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

## NATURE OF SUIT:   (Check One Box Only)

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Other: _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 3-441

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Other: _____

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☒ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical
☐ 16 Negligence

☐ 17 Personal Injury
☐ 18 Wrongful Death
☐ 19 Wrongful Eviction
☒ 20 Other: Retaliation
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95

**SEE REVERSE SIDE AND CHECK HERE ☐ IF USED**

5-0993-1 wd-354



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DEBORAH MILLER

Vs.

U S POSTAL SERVICE FEDERAL CREDIT UNION          C.A. No.          2007 CA 002981 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                        Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:   April 28, 2007
Initial Conference: 9:30 am, Friday, August 03, 2007
Location:   Courtroom 518
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Deborah Miller
3104 28th St. S.E.
Washington, DC 20020

*Plaintiff*

FILED
CIVIL ACTIONS BRANCH
MAY 0 3 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

*vs.*

U.S. Postal Service Federal Credit Union
475 L'Enfant Plaza W, S.W.
Washington, D.C. 20260

CIVIL ACTION No. _0002981-07_

*Defendants*     Amended

## COMPLAINT

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

See Attached Documents

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** _150,000.00_
**with interest and costs.**

**Phone:** _(202) 889-2471_

**DISTRICT OF COLUMBIA, SS**

_Deborah Miller_ **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.**

_Deborah Miller_
**(Plaintiff)**                                        **Agent)**

**Subscribed and sworn to before me this** _3_ **day of** _May_ **20** _07_.

_Crystal Kelley_
**(Notary Public/Deputy Clerk)**

FORM CV-1013/Nov. 00

## VERIFIED COMPLAINT
(National Origin Discrimination and Retaliation)

### A.  JURISDICTION AND VENUE

1.  The court has jurisdiction over this action under District of Columbia Code 2001, 22-921; the District of Columbia Human Rights Act, District of Columbia Code 2001, 2-1403.16; and Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. 2000e-5(f).

2.  Venue properly lies within this Court because Defendant's Credit Union is located within the District of Columbia and because the actions about which plaintiff complains occurred within the District of Columbia.

3.  The Court has jurisdiction over Defendant pursuant to D.C. Code 2001, 13-422 and 13-423(a), because it conducts business in Washington, D.C.

### B.  THE PARTIES

4.  Plaintiff Deborah Miller is a former employee of Defendant and is a resident of the District of Columbia.

5.  Defendant  USPSFCU is registered to conduct business as United States Postal Service Federal Credit Union in the District of Columbia, Defendant operates credit unions throughout the United States, including one in the District of Columbia.  Its Headquarters is located at 7905 Malcolm Road, Clinton, MD 20850.

6.  Defendant operates USPSFCU, located at 475 L'Enfant Plaza W., S.W. Washington, D.C.

7.  Plaintiff is a Black woman who was born in Washington, D.C.

8.  Plaintiff was a Personal Service Representative I since 1997.

9.  In or about June, 1991, Deborah Miller was hired Plaintiff as an transaction specialist.

10.  Plaintiff was dependable, hardly ever used sick leave, until Plaintiff was involved in a automobile accident and when Plaintiff fracture her right ankle.

2.

11.  Plaintiff received several evaluations while she worked for the USPSFCU in 1991-2005.  On the Plaintiff's evaluation Paul Collinson (Caucasian), branch manager, expressed my professionalism, work improved, plaintiff passed all CUE On Line training classes.  Defendant did mention spending to much time with members when Plaintiff would assist them and arriving to work on time.

12.  In 2005 USPSFCU promoted Terrell Reese (younger African American) she became assistant manager.

13.  On information and belief, as Paul Collinson hired only individuals in their twenties or early thirties.

14.  The staff at USPSFCU under Paul Collinson 's supervision was seven; (3 or 4) tellers and (3) personal service representatives.

15.  Of these seven employees, (1) was Caucasian, (1) Hispanic and (5) African Americans.

16.  Paul Collinson disciplined Plaintiff more harshly than other employees.  Terrell Reese (younger African-American) used profanity and abusive language on numerous occasions while speaking with and about the USPSFCU members.  Which Paul Collinson did not discipline Terrell Reese, the USPSFCU handbook states abusive language are grounds for immediate termination, which she was not terminated.

17.  Plaintiff on many occasions discussed being promoted to a Personal Service Representative II.  Defendant never mention Plaintiff's work was not acceptable and didn't follow policies and procedures performing her duties.  Plaintiff received several letters from members expressing how they were pleased with Plaintiff's service.

18.  Defendant discussed my EEOC complaint with  Terrell Reese, which was suppose to be confidential information.  Terrell Reese told the other coworkers Janice Williams and Lauren Hawkins not to get involved with Plaintiff filing a EEOC complaint.

19.  Plaintiff never discussed EEOC complaint with other coworkers.  Defendant and Terrell Reese became close friends.

20.  Lyndee Dutrow (caucasian), took smoke breaks when ever she felt, which was about six times or more a day, and socialized with other smokers in front of the USPSFCU building.  Paul Collinson never disciplined her about the numerous smoke breaks.

3.

21.  Defendant was aware of the times Lyndee Dutrow (caucasian) , spent on smoke breaks; which caused lack of work performance, including not being available to assist the members or coworkers.  Lyndee Dutrow had close contact with a couple of the board members.  Lyndee Dutrow 's cash draw was short  about $1,000.00 or more, which are immediate grounds for termination.

22.  Terrell Reese was interviewed by the Defendants attorney at the Rosslyn, Va branch, when she returned to the L'Enfant Plaza Branch office the board member name Mr. Strunk approached her and shook her hand.

23.  Defendant transferred Lyndee Dutrow to another branch in Maryland after Plaintiff filed a EEOC complaint, so they would not have to monitor her behavior or excessive smoke breaks.

24.  Plaintiff reported to work on January 12, 2005, was terminated by Defendant, was told due to tardiness, the Defendant should have terminated other younger and caucasian employee because they arrived late on numerous occasions.

25.  Plaintiff tardiness occurred during metro train delays, traffic back ups or the weather.   The USPSFCU follows the Postal Service for snow emergencies, which is the same as federal government.  Paul Collinson told Plaintiff she had to arrive on time regardless of the late arrival time given for snow emergencies.

26.  The work hours for the USPSFCU was 8:30am to 5:00pm, majority of the time the tellers  would leave ten or fifthteen minutes early and nothing was said about it by Paul Collinson.

27.  Lyndee Dutrow arrived an hour or more late, when Paul Collinson was on vacation she arrived so late we could not open the branch because she knew the combination to the vault.  She was not written up for the tardiness.

28.  Plaintiff has suffered emotional distress as a result of the above described national origin discrimination and retaliation.  Thus, she has suffered from sleepless nights and depression.

29.  After the Plaintiff was terminated Terrell Reese told Janice Williams they finally got ride of the Plaintiff for filing the EEOC complaint.

## D. STATEMENT OF PLAINTIFF'S CLAIMS

### Count 1: Race and age Discrimination

30. Plaintiff adopts and incorporates by reference paragraphs 1-29 above.

31. The District of Columbia Human Rights Act ("DCHRA") prohibits discrimination in employment "for any reason other than that of individual merit," including without limitation "race, age, national origin and sex ..."

32. In discharging plaintiff, defendant discriminated against her wholly or partially because of her race and age.

33. By discriminating against plaintiff, defendant violated the DCHRA

34. As a result of defendant's discrimination against her, plaintiff has suffered; and suffering, including loss of present and future earnings, and mental distress, embarrassment, humiliation, and indignity.

### Count II: Retaliation for Opposing Discrimination (DCHRA)

35. Plaintiff adopts and incorporates by reference paragraphs 1-34 above.

36. The DCHRA makes it an " unlawful discriminatory practice to coerce, threaten, retaliated against, or interfere with any person in the exercise or enjoyment of, or an account of having exercised or enjoyed,  or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter.

37. In opposing alleged discrimination by defendant against race and age, as described above , plaintiff engaged in activities protected by DCHRA.

38. In discharging plaintiff, defendant was motivated wholly or partially by plaintiff's protected activities under the DCHRA, in opposing employment discrimination by defendant.

39. As a result of defendant's retaliation against her, plaintiff has suffered and suffering including loss of present and future earnings and mental distress embarrassment,  humiliation and indignity.

5.

### Count III: Race and Age Discrimination
### (Title VII)

40.   Plaintiff adopts and incorporates by reference paragraphs 1-39 above.

41. Title VII makes it unlawful for an employer to discriminate in
employment on the basis of race and age.

42.   In discharging plaintiff, defendant discriminated against her because of
her race and age.

43.   By discriminatorily discharging plaintiff, defendant violated Title VII.

44. As a result of defendant's discrimination against her, plaintiff has suffered
and is suffering, including loss of present and future earnings, and
mental distress embarrassment, humiliation, and indignity.

### Count IV:  Retaliation for Opposing Discrimination
### (Title VII)

45.   Plaintiff adopts and incorporates by reference paragraphs 1-44 above.

46. Title VII, prohibits employers covered thereby from taking reprisal against
an employee for complaining about practices which the employee
reasonably and in good faith believes are discriminatory.

47. In opposing alleged discrimination by defendant against race and age, as
described above, plaintiff engaged in activities protected by Title VII.

48. Defendant knew of these activities when plaintiff engaged in them.

49. In discharging plaintiff, defendant was motivated by her protected
activities in opposing discrimination in employment.

50. Defendant therefore violated Title VII.

51. As a result of defendant's retaliation against her, plaintiff has suffered
and is suffering , including loss of present and future earnings and mental
distress, embarrassment, humiliation, and indignity.

6.

52.  WHEREFORE, plaintiff respectfully requests that the Court issue a judgment granting her the following relief from defendant:

a  Back pay under the DCHRA and/or Title VII for discharging her.

b  Compensatory damages under the DCHRA for maliciously and wrongfully discriminating against plaintiff in discharging her.

c  Compensatory damages and punitive damages up to the amount of $150,000.00 under Title VII for maliciously and wrongfully discriminating against plaintiff in constructively discharging her.

d  Punitive damages under the DCHRA for taking these actions with malice and bad faith;

e  Reasonable attorneys fees and costs under the DCHRA

f  Such other and further relief as to the Court seems just and warranted.

## F  EXHAUSTION OF ADMINISTRATIVE REMEDIES

53.  Plaintiff has the right under the District of Columbia Human Rights Act to bring this private cause of action for alleged violations of said Act, without the necessity of exhausting any particular administrative remedies which may also have been available to her.

54.  Plaintiff filed an administrative complaint against defendant with the Equal Employment Opportunity Commission (EEOC), alleging race and age discrimination and reprisal.

55.  That complaint, which was docketed as Charge No. 10CA600050, made essentially the same aggregations as are in the instant Complaint.  That complaint timely complained of discriminatory and retaliatory conduct.

56.  On or about January 30, 2007, EEOC dismissed plaintiff's EEOC charge and notified her of her right to sue defendant in court within 90 days of her receipt of said notice.

57.  On about February 5, 2007, plaintiff received the EEOC noticed dated January 30, 2007.

58.  The instant complaint was filed within 90 days of plaintiff's receipt of the EEOC notice and within one year of the alleged discrimination and relation and is therefore timely.

7.

59.  Plaintiff requests a jury trail on all issues of fact and damages arising herein.

8.

VERIFICATION

I hereby certify under penalty of perjury that I am the plaintiff in the above captioned case; that I have read the foregoing Verified Complaint; and that the facts related herein are true and correct to the best of my knowledge, information, and belief.

Executed at Washington, D.C. this 3 day of ~~April~~ MAY, 2007

Deborah Miller

*Deborah Miller*



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Deborah Miller
3104 28th St. S.E.
Washington, DC. 20020 Plaintiff(s)

vs.

U.S. Postal Service Federal Credit Union
7905 Malcolm Road
Clinton, MD 20735 Defendant(s)

)
)
)
)    Civil Action No. 07CA2981
)
)
)
)
)
)

FILED
CIVIL ACTIONS BRANCH
MAY 18 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _____Deborah Miller_____, under oath do hereby state the following:

That my age and birth date are as follows: _56_
_April 27 1951_

That my residential or business address is: _3104 28th Street S.E. Washington D.C. 20020_

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _U.S. Postal Service Federal Credit Union_ by registered/certified mail.

That the return receipt attached hereto was signed by _Miriam Myers_, the Defendant herein or _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _5/14/07_
_____.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS

_Deborah Miller_
Signature

Subscribed and sworn to before me this 18th day of May 19 2007

Deputy Clerk/Notary Public

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USPS Federal Credit Union
7905 Malcolm Rd. 4th Flr
Clinton MD 20735-1769
c/o Genny Pomatto

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

MIRIAM MYERS    5/14/07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

MAY 14

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0000 2935 3948

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL ACTIONS BRANCH

**FILED**
**CIVIL ACTIONS BRANCH**
**MAY 25 2007**
**SUPERIOR COURT**
**OF THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC**

Deborah Miller
3104 28th St. S.E.
Washington DC 20020

                                    Plaintiff        Civil Action No. C002981-07

                        )
              vs.        )
                        )        Amended
U.S. Postal Service Federal Credit Union )
475 L'Enfant Plaza W. S.W.    Defendant(s)  )
Washington, D.C. 20260        )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

        I, _____Deborah Miller_____, under oath do
hereby state the following:
        That my age and birth date are as follows: __56__
__April 27, 1951__. That my residential or business address is: _3104 28th St_
_S.E., Washington D.C. 20020_. That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _U.S. Postal_
_Service Federal Credit Union_ by registered/certified mail.
        That the return receipt attached hereto was signed by
__Miriam Myers__, the Defendant herein or
_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _5/14/07_
_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

                                    _Deborah Miller_
                                    Signature

Subscribed and sworn to before me this _25_ day of _May_ _2007_

                                    _____
                                    Deputy Clerk/Notary Public

Case: 2007 CA 002981 B
DKT: CTORSSC



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Deborah Miller
3104 28th St. S.E.
Washington, DC 20020 Plaintiff(s)

)
)
)
)                    Civil Action No. 07CA2981

FILED
CIVIL ACTIONS BRANCH
MAY 18 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

vs.

U.S. Postal Service Federal Credit Union
7905 Malcolm Road
Clinton, MD 20735          Defendant(s)

)
)
)
)
)
)

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, ___Deborah Miller___, under oath do
hereby state the following:

That my age and birth date are as follows: __56__
__April 27 1951__

That my residential or business address is: __3104 28th__
__Street S.E. Washington, D.C. 20020__

That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant __U.S. Postal__
__Service Federal Credit Union__ by registered/certified mail.

That the return receipt attached hereto was signed by
__Miriam Myers__, the Defendant herein or
_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as __5/14/07__
_____

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS

_Deborah Miller_
Signature

Subscribed and sworn to before me this 18th day of May 19 2007

_____
Deputy Clerk/Notary Public

2515881 GORHAMC 05/24/2007 2:05:04 PM

2528680 VANCES 05/30/2007 10:39:35 AM

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USPS Federal Credit Union
7905 Malcolm Rd. 4th Flr
Clinton, MD 20735-1769
c/o Genny Pomatto

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

MIRIAM MYERS    5/14/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

MAY 14

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 1820 0000 2935 3948

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

07-1001
H

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Deborah Miller | U.S. Postal Service Federal Credit Union |

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    DC
(EXCEPT IN U.S. PLAINTIFF CASES)    j1001

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

Pro Se
3109 28th Street, S.E.
Washington, DC 20020

Case: 1:07-cv-01001
Assigned To : Collyer, Rosemary M.
Assign. Date : 6/1/2007
Description: Employment Discrimination

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 U.S.C. Sec. 2000e et seq. - Plaintiff alleges race and age discrimination and retaliation by Defendant, former employer.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ $150,000    Check YES only if demanded in compla[int]    JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒    If yes, please complete related case form.

DATE June 1, 2007    SIGNATURE OF ATTORNEY OF RECORD *Kimberley R. Cole*    JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.