IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01001 |
| ) | Judge Collyer |
| ) | |
| U.S. POSTAL SERVICE ) | |
| FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ANSWER

U.S. Postal Service Federal Credit Union ("the Credit Union") responds to the Amended Complaint as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Plaintiff has failed to mitigate her damages.

### Third Defense

The Plaintiff was not treated differently because of her race or age, or for any other reason.

### Fourth Defense

The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## Fifth Defense

The Credit Union responds to the numbered paragraphs in the Amended Complaint as follows:

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 state legal conclusions that require no response. To the extent a response is required the allegations are denied.

2. The Credit Union denies the allegations in paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 state a legal conclusion that requires no response. To the extent a response is required the allegations are denied.

### THE PARTIES

4. The Credit Union admits Plaintiff is a former employee of Defendant. Upon information and belief, the Credit Union admits that Plaintiff resides in the District of Columbia.

5. The Credit Union admits it is a Credit Union organized under the National Credit Union Act and operates branches throughout the United States, including a branch in the District of Columbia. The Credit Union also admits that its headquarters is located at 7905 Malcolm Road, Clinton, MD 20735. The Credit Union denies the remaining allegations in paragraph 5 of the Complaint.

6. The Credit Union admits it operates a branch located at 475 L'Enfant Plaza, S.W., Washington, DC.

7. Upon information and belief, the Credit Union admits the allegations in paragraph 7 of the Amended Complaint.

8. Upon information and belief, the Credit Union admits the allegations in paragraph 8 of the Amended Complaint.

9. Upon information and belief, the Credit Union admits the allegations in paragraph 9 of the Amended Complaint.

10. The Credit Union denies the allegations in paragraph 10 of the Amended Complaint.

11. The evaluations speak for themselves. To the extent the allegations are inconsistent with the evaluations are denied. The Credit Union admits Plaintiff was disciplined for poor performance, including her tardiness.

12. The Credit Union denies the allegations in paragraph 12 of the Amended Complaint.

13. The Credit Union denies the allegations in paragraph 13 of the Amended Complaint.

14. The Credit Union denies the allegations in paragraph 14 of the Amended Complaint.

15. The Credit Union denies the allegations in paragraph 15 of the Amended Complaint.

16. The Credit Union denies the allegations in paragraph 16 of the Amended Complaint.

17. The Credit Union denies the allegations in paragraph 17 of the Amended Complaint.

18. The Credit Union denies the allegations in paragraph 18 of the Amended Complaint.

19. The Credit Union lacks information sufficient to admit or deny whether Plaintiff discussed her EEOC complaint with other coworkers and accordingly denies the same. The Credit Union denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. The Credit Union denies the allegations in paragraph 20 of the Amended Complaint.

21. The Credit Union denies the allegations in paragraph 21 of the Amended Complaint.

22. The Credit Union denies the allegations in paragraph 22 of the Amended Complaint.

23. The Credit Union denies the allegations in paragraph 23 of the Amended Complaint.

24. The Credit Union admits that Plaintiff was terminated on January 12, 2005 due to, inter alia, chronic tardiness. The Credit Union denies the remaining allegations in paragraph 24 of the Amended Complaint.

25. The Credit Union denies the allegations in paragraph 25 of the Amended Complaint.

26. The Credit Union denies the allegations in paragraph 26 of the Amended Complaint.

27. The Credit Union denies the allegations in paragraph 27 of the Amended Complaint.

28. The Credit Union denies the allegations in paragraph 28 of the Amended Complaint.

29. The Credit Union denies the allegations in paragraph 29 of the Amended Complaint.

### COUNT I: RACE AND AGE DISCRIMINATION

30. The Credit Union repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint as though fully set forth herein.

31. The District of Columbia Human Rights Act speaks for itself. To the extent this paragraph is inconsistent with the Act, it is denied.

32. The Credit Union denies the allegations in paragraph 32 of the Amended Complaint.

33. The Credit Union denies the allegations in paragraph 33 of the Amended Complaint.

34. The Credit Union denies the allegations in paragraph 34 of the Amended Complaint.

### COUNT II: RETALIATION FOR OPPOSING DISCRIMINATION
(DCHRA)

35. The Credit Union repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 34 of the Amended Complaint as though fully set forth herein.

36. The District of Columbia Human Rights Act speaks for itself. To the extent this paragraph is inconsistent with the Act, it is denied.

37. The Credit Union denies the allegations in paragraph 37 of the Amended Complaint.

38. The Credit Union denies the allegations in paragraph 38 of the Amended Complaint.

39. The Credit Union denies the allegations in paragraph 39 of the Amended Complaint.

**COUNT III: RACE AND AGE DISCRIMINATION**
(Title VII)

40. The Credit Union repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

41. Title VII of the Civil Rights Act of 1964 speaks for itself. To the extent this paragraph is inconsistent with Title VII, it is denied.

42. The Credit Union denies the allegations in paragraph 42 of the Amended Complaint.

43. The Credit Union denies the allegations in paragraph 43 of the Amended Complaint.

44. The Credit Union denies the allegations in paragraph 44 of the Amended Complaint.

**COUNT IV: RETALIATION FOR OPPOSING DISCRIMINATION**
(Title VII)

45. The Credit Union repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 44 of the Amended Complaint as though fully set forth herein.

46. Title VII of the Civil Rights Act of 1964 speaks for itself. To the extent this paragraph is inconsistent with Title VII, it is denied.

47. The Credit Union denies the allegations in paragraph 47 of the Amended Complaint.

48. The Credit Union denies the allegations in paragraph 48 of the Amended Complaint.

49. The Credit Union denies the allegations in paragraph 49 of the Amended Complaint.

50. The Credit Union denies the allegations in paragraph 50 of the Amended Complaint.

51. The Credit Union denies the allegations in paragraph 51 of the Amended Complaint.

52. The Credit Union denies the Plaintiff is entitled to the relief requested in the WHEREFORE clause or to any relief whatsoever.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

53. The District of Columbia Human Rights Act speaks for itself. To the extent this paragraph is inconsistent with the Act, it is denied.

54. The Credit Union admits a prior charge was filed. The charge speaks for itself. To the extent the Amended Complaint is inconsistent with the charge, the allegation is denied.

55. The Credit Union denies the allegations in paragraph 55 of the Amended Complaint.

56. The letter from the EEOC speaks for itself. To the extent the allegations are inconsistent with the letter, they are denied.

57. The Credit Union lacks sufficient knowledge or information to admit or deny the allegations in paragraph 57 of the Amended Complaint and therefore denies the allegations.

58. The Credit Union lacks sufficient knowledge or information to admit or deny whether action was filed within 90 days of the EEOC letter and therefore denies the allegation. The Credit Union denies the remaining allegations in paragraph 58 of the Amended Complaint.

59. The allegations state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

60. . The Credit Union denies every allegation it has not admitted or otherwise qualified.

WHEREFORE, Defendant U.S. Postal Service Federal Credit Union requests that the Court dismiss the action with prejudice and award it its fees, costs, expenses, and such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 4, 2007

/s/ Amy S. Owen
Amy S. Owen (Bar No. 411601)
Kimberly L. Cole (Bar No. 495147)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)

Counsel for U.S. Postal Service Federal Credit Union

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by first-class mail, postage pre-paid, this 4th day of June, 2007, upon:

>Deborah Miller
>3109 28th Street, S.E.
>Washington, DC 20020

_____/s/ Amy S. Owen_____
Amy S. Owen